UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 26-mj-08152-PGL |
| | ) | |
| LUIS BRITO CAMPUSANO, | ) | |
| Defendant. | ) | |

## MOTION FOR DECLARATION OF BOND FORFEITURE
## AND ENTRY OF DEFAULT JUDGMENT

The United States of America respectfully requests that the Court declare forfeiture of the appearance bond of defendant Luis Brito Campusano ("Defendant") pursuant to Rule 46(f)(1) of the Federal Rules of Criminal Procedure and issue a report and recommendation that the District Court enter default judgment in favor of the United States, jointly and severally against Defendant and Nicole Rosario as Surety, in the amount of $15,000.[1]

The $15,000 unsecured appearance bond, ECF No. 11 (the "Appearance Bond"), was posted by Nicole Rosario as Surety to ensure Defendant's compliance with the conditions of release and orders in this case.  Defendant violated the conditions of release by failing to surrender

---

[1] A magistrate judge does not have the authority to enter a default judgment in an appearance bond forfeiture but may recommend to the district court that a default judgment be entered.  The court in *United States v. Stiltner*, No. 1:24-CR-17-011, 2025 WL 790974, at *3 (W.D. Va. Mar. 12, 2025) summarized the respective roles in this area:

> [A] magistrate judge may enter an order under Rule 46(f) to forfeit a bond for a violation of a bond's condition and may set aside the forfeiture in full. But, a magistrate judge's order to partially set aside or remit a defendant's bond becomes final only when accepted by the district court. A decision which results in a financial obligation by a criminal defendant either by forfeiture or default judgment under Rule 46(f)(3)(A) may be handled by the magistrate judge on a report and recommendation basis.

his passport and attempting to flee the United States and has forfeited the Appearance Bond, and thus the Surety and Defendant are subject to a default judgment in the amount of the Appearance Bond.  A proposed order of default judgment is attached.

In support of this motion, the United States sets forth the following:

1.      On May 27, 2026, Defendant was indicted in the Southern District of New York for conspiracy to possess and sell stolen vehicles, wire fraud conspiracy, and wire fraud.  *See* 26-cr-216.

2.      On June 9, 2026, most of the co-defendants in that case were arrested.  Defendant had an appointment that same day regarding a pending immigration application.  Defendant did not show up to that meeting.  Accordingly, Defendant's immigration application was dismissed.

3.      Three weeks later, on June 30, 2026, Defendant was arrested.

4.      On July 1, 2026, Defendant had an initial appearance before this Court.  The government moved for detention.  As noted in its argument for detention, Defendant used false identities in the course of selling the stolen cars as alleged in the Indictment.

5.      This Court released Defendant on conditions that included, in relevant part, that the Defendant had to surrender any passports to Probation and Defendant's travel was restricted to the District of Massachusetts and the Southern District of New York for court/legal matters only.  ECF No. 10.

6.      In addition, this Court imposed an appearance bond for $15,000.  *See* ECF No. 11. This bond is unsecured and the Defendant's girlfriend, Nicole Rosario, agreed to be the surety for this bond.  Ms. Rosario testified before this Court and stated on the record she understood that if the Defendant violated any of his conditions of release, then she would lose the $15,000 bond. This Court emphasized repeatedly to both Ms. Rosario and Defendant that there would be a

significant financial penalty for Ms. Rosario if Defendant violated any pretrial conditions. Defendant agreed to the Appearance Bond as a condition and Ms. Rosario agreed to be the surety—both on the record before the Court and in signing the Appearance Bond.  ECF No. 11.

7.      Specifically, the Appearance Bond signed by Ms. Rosario and Defendant stated: "This appearance bond may be forfeited if the defendant does not comply with the above agreement.  The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs." *Id.*

8.      Less than one week after being released on the conditions, Defendant purchased a one-way ticket to the Dominican Republic from Logan International Airport in Boston. Investigators went to Logan International Airport and waited on the jetway of the departing flight. Investigators found Defendant boarding the plane destined for the Dominican Republic and took him into custody.  Defendant was in possession of his passport issued by the Dominican Republic.

9.      The attempt to leave the United States was in violation of the conditions set by this Court restricting Defendant's travel to the District of Massachusetts and Southern District of New York for court/legal matters only.

10.     Defendant's possession of his Dominican Republic passport evidenced a violation of the conditions set by this Court that Defendant surrender any passports to Probation.

11.     The government moved to revoke Defendant's pre-trial release conditions pursuant to 18 U.S.C. § 3148.  ECF No. 17.  This Court granted the government's motion and ordered Defendant be remanded to the custody of the U.S. Marshals and transported to the Southern District of New York.  ECF Nos. 18-19.

12.     As set forth in Fed. R. Crim. P. 46(f)(1), "[t]he court must declare the bail forfeited if a condition of the bond is breached."  "All that is required for the security (or the bond) to be forfeited is that the defendant violate one of the terms."  *United States v. Brooks*, 872 F.3d 78, 95 (2d Cir. 2017) (denying motion of wife and children to set aside bond forfeiture after death of the defendant who violated conditions but did not flee); *United States v. Frias-Ramirez*, 670 F.2d 849, 851 (9th Cir. 1982) (denying motion to set aside $250,000 default as a result of bond forfeiture filed by family members who pledged their residences to secure bond).  That a defendant has been apprehended "does not weigh against forfeiture.:  *United States v. Shen*, No. 18–CR–302 (MKB), 2025 WL 3005048, at *11 (E.D.N.Y. Oct. 27, 2025) (collecting cases).  Accordingly, the Court should declare the unsecured Appearance Bond forfeited.

13.     Pursuant to Fed. R. Crim. P. 46(f)(2), the Court may consider setting aside a declaration of forfeiture upon the surrender of the defendant by the surety or if it appears that justice does not require the appearance bond forfeiture.[2]  "The decision whether to set aside or remit a forfeiture rests within the discretion of the [] court."  *Frias-Ramirez*, 670 F.2d at 852.

14.     In assessing whether to set aside a bond forfeiture, the Court may consider factors such as: "whether the defendant's breach of the bond conditions was willful; the cost, inconvenience and prejudice suffered by the government as a result of the breach; any explanation or mitigating factors presented by the defendant; whether the surety has assisted in the apprehension of the defendant; and whether the surety is a professional or a friend or member of the defendant's family." *United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994) (quoting *United States v. Carvajal*, 674 F.Supp. 973, 974 (E.D.N.Y.1987)); *see also United States v. Clanton*, No.

---

[2] Pursuant to Rule 46(f)(4), "[a]fter entering a judgment under Rule 46(f)(3), the court may remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2)."

4

24-1423, 2026 WL 251621, at *2 (2d Cir. Jan. 30, 2026); *Frias-Ramirez*, 670 F.2d at 852. In addition, the Court should consider "the deterrence value of total forfeiture." *Gambino*, 17 F.3d at 575. "It is not necessary that each of these factors be resolved in the government's favor for the district court to enforce full forfeiture." *United States v. Gutierrez*, 771 F.2d 1001, 1003 (7th Cir. 1985). "Notably, however, the Court cannot consider ...the financial hardship of the [surety] because it is the interests of justice—and not the interests of [the surety]—which must be considered.'" *United States v. Hatfield,* 2015 WL 3476927, at *3 (E.D.N.Y. June 2, 2015) (quoting *Carvajal,* 674 F. Supp. at 974)).

15.    Here, although Defendant was apprehended as he was attempting to flee to the Dominican Republic, Defendant willfully breached his conditions of release only a week after the Court explained, in detail, the consequences of a breach the conditions of release to Defendant and the Surety, including the forfeiture of the Appearance Bond. Considering the willfulness of Defendant's conduct and the deterrent value of forfeiture of the Appearance Bond, the Court should not set aside the forfeiture. *See United States v. Mustafa*, No. 7:12CW32-2, 2013 WL 5873284, at *4 (W.D. Va. Oct. 30, 2013) ("[I]f a violation of a condition of release is more than technical, the court may require a substantial forfeiture to deter not only the defendant but others from future violations.") (quoting *Jeffers v. United States*, 588 F.2d 425, 427 (4th Cir.1978)).

16.    If the Court does not set aside the bond forfeiture, following a declaration of forfeiture, the Court must, upon the government's motion, enter a default judgment. Fed. R. Crim. Pro. 46(f)(3).

17.    The United States will provide notice of this Motion to Ms. Rosario, to the extent she can be located, and to the District Clerk, as an agent for the surety pursuant to Fed. R. Crim. P. 46(f)(3)(B).

WHEREFORE, the United States requests that the Court declare a forfeiture of the unsecured appearance bond in accordance with Rule 46(f)(1) of the Federal Rules of Criminal Procedure and issue a report and recommendation to the District Court that default judgment enter against Defendant and the Surety, jointly and severally, in the amount of $15,000, with interest and costs.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

*/s/ Carol E. Head*
BRIAN J. SULLIVAN
CAROL E. HEAD
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
Tel: 617-748-3100
Carol.Head@usdoj.gov

Dated: July 27, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent, via federal express, to:

Nicole Rosario
91 Summer Street, Apt. 3
Lawrence, MA 01841.

/s/ *Carol E. Head*
Carol E. Head
Assistant U.S. Attorney

Date: July 27, 2026

6